UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ANTHONY CLINTON, SR.,

                               **Plaintiff,**

-against-                                             3:06-CV-1428

BROOME COUNTY DEPT. SOCIAL SERVICES,
THE STATE OF NEW YORK, REBECCA HERMAN,

                               **Defendants.**
_____

**THOMAS J. McAVOY,**
**Senior United States District Judge**


**DECISION & ORDER**

**I.   INTRODUCTION**

Plaintiff commenced this action pro se pursuant to 42 U.S.C. § 1983 contending that the actions of the Broome County Department of Social Services ("BCDSS") and one of its caseworkers, Defendant Rebecca Herman, violated his constitutional rights to due process, equal protection, and access to courts causing him to suffer emotional damages and placing his children's "safety and well being" in peril.  See Compl. [dkt. # 1].[1] Defendant BCDSS[2] moves pursuant to Fed. R. Civ. P. 56 to dismiss the action against it on the grounds that (1) the *Rooker-Feldman* doctrine deprives the Court of subject matter

---

[1] It is unclear from the Complaint what allegations are made against the State of New York. Nonetheless, the Court has already dismissed Plaintiff's claims against New York State based on Eleventh Amendment immunity. *See* Dec. 20, 2006 Decision and Order [dkt. # 3].

[2] Defendant BCDSS contends that Plaintiff has not served the summons and complaint on Defendant Herman, and, therefore, there is no personal jurisdiction over her.

jurisdiction over the action, and (2) the action is barred by res judicata and/or collateral estoppel. Plaintiff has not opposed the motion.

## II.  BACKGROUND

Defendant BCDSS has filed and served a motion for summary judgment upon Plaintiff. Plaintiff has not opposed the motion and his time do so has expired. In accordance with the Local Rules pertaining to motions for summary judgment, Defendant's motion includes a "Notification of the Consequences of Failing to Respond to a Summary Judgment Motion" and a "Statement of Undisputed Material Facts." *See* dkt. # 12-7, # 12-8. Due to Plaintiff's failure to respond to Defendant's motion, the properly supported facts set forth in Defendant's "Statement of Undisputed Material Facts" are deemed admitted. *See* N.Y.N.D.L.R. 7.1(a)(3). These properly supported facts, relevant to the instant motion, are as follows:

> 1. That on July 25, 2005, Broome County Family Court held a hearing regarding the custody of Plaintiff's two children (Behnke Affidavit Para 7, Exhibit C).
>
> 2. That Plaintiff appeared at that hearing and was represented by an attorney. (Exhibit C).
>
> 3. That after a hearing and due deliberation and with the consent of the parties to that proceeding, Broome County Family Court granted custody of the Plaintiff's two children to their mother. The Court's Order was entered on August 5, 2005. (Behnke Affidavit Para 7 and 8, Exhibit C).
>
> 4. The Plaintiff appealed that Order to the New York Supreme Court Appellate Division Third Department. (Exhibit D).
>
> 5. The Plaintiff was represented by an attorney on the appeal (Exhibit D).
>
> 6. That in a Memorandum and Order entered November 30, 2006, the Appellate Division affirmed the decision of Broome County Family Court. (Behnke Affidavit Para 9, Exhibit D).
>
> 7. That the Appellate Division found that the Plaintiff was afforded an

>     opportunity to voice his objection to the proposed custody determination on the record at the Broome County Family Court hearing and that Family Court did not err in making its custody determination. (Behnke Affidavit Para 9, Exhibit D).

Def. Statement of Undisputed Material Facts, ¶¶ 1-7.

In the Complaint, Plaintiff contends that BCDSS and Defendant Herman's "decisions" to return custody of Plaintiff's children to their mother, as was ordered by the Broome County Family Court on August 5, 2005, violated Plaintiff's constitutional right to due process, equal protection of the law, and access to the courts. *See* Compl. Plaintiff seeks monetary damages and "a hearing to determine [the] safety of my children and possible custody." *Id.*

## III. DISCUSSION

### a. *Rooker-Feldman* doctrine

Under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction over suits that are, in substance, appeals from state-court judgments." *Hoblock v. Albany County Bd. of Elections,* 422 F.3d 77, 84 (2d Cir. 2005)(citing, *inter alia*, *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280 (2005); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413(1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983)). The *Rooker-Feldman* doctrine "'is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Hoblock,* 422 F.3d at 85 (quoting *Exxon Mobil,* 544 U.S. at 284).

>     To assert jurisdiction under this circumstance "would be an exercise of appellate jurisdiction," with which district courts are not vested, as appellate review is vested solely in the Supreme Court. *Rooker,* 263 U.S. at 416; *see*

> *also Pennzoil Co. v. Texaco,* 481 U.S. 1, 24 (1987) (Marshall, J., concurring). Constitutional claims presented in district court that are "inextricably intertwined" with state court judgments are also prohibited. [ *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 483, n. 16 (1983)]; [*Elmasri v. England,* 111 F. Supp.2d 212, 218 (E.D.N.Y.2000)]. A federal claim "is inextricably intertwined" with the state-court judgment if "the federal claims succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil,* 481 U.S. at 25 (Marshall, J., concurring).

*Puletti v. Patel*, 2006 WL 2010809, at * 5 (E.D.N.Y. July 14, 2006).

It is clear from the allegations in the Complaint that Plaintiff's alleged injuries arise from the Broome County Family Court custody order, and that he seeks to relitigate and reverse that order.

Further, as noted by the decision of the New York State Supreme Court, Appellate Division, Third Department, Plaintiff's contention that he was not afforded an adequate opportunity to voice his objection to the Family Court custody order was rejected. Plaintiff's present claims of denial of due process and access to the courts are encompassed within this determination and seek, in essence, to reverse the state-court judgment. Thus, the claims are inextricably intertwined with the state-court judgment. *See Hoblock,* 422 F.3d at 86-87 (A federal claim asserting an injury based on a state judgment and that, in essence, seeks reversal of that judgment, is "inextricably intertwined" with the state judgment even if not raised during the state proceeding.)

To the extent Plaintiff asserts a legally plausible equal protection claim,[3] the injury

---

[3] Plaintiff fails to assert in the Complaint that he is a member of an identifiable group or that he was treated differently than any other similarly situated person. Rather, he simply asserts that the defendants' actions violated, *inter alia*, his right to equal protection. Such a broad, conclusory allegation fails to asserts a legally plausible claim under the Equal Protection Clause. See City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439 (1985)(The Equal Protection Clause is "essentially a direction that all persons similarly situated should be treated alike." ); Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000)(A plaintiff may assert a "class of one" equal protection claim by alleging that he was treated differently from similarly situated individuals); Nielson v. D'Angelis, 409 F.3d 100, 104 (2d Cir. 2005)("The Equal Protection Clause of the Fourteenth Amendment requires that the government treat similarly situated persons alike.")(citations omitted); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007)(The complaint must allege sufficient facts that would make the pleaded legal theories plausible.)

of which he complains is the effect of the state-court judgment. Consequently, this claim also is inextricably intertwined with the state-court judgment. *Id.*

## IV.   CONCLUSION

Plaintiff's claims asserted in the Complaint are barred by the *Rooker-Feldman* doctrine. Thus, the Court lacks subject matter jurisdiction over the action. Broome County Department of Social Services' motion for summary judgment [dkt. # 12] is **GRANTED** and the action against this defendant is **DISMISSED**. In addition, the claims against Rebecca Herman, which are one and the same as the claims against Broome County Department of Social Services, must also be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction.   The Clerk of the Court is directed close the file in this matter.

**IT IS SO ORDERED**

DATED: August 17, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge